UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEFTALI ROMAN,
    Plaintiff,

v.                                             No. 3:14-cv-921 (SRU)

GERALD HINES, et al.,
    Defendants.

## INITIAL REVIEW ORDER REGARDING AMENDED COMPLAINT

      The plaintiff, Neftali Roman, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. Section 1983. Roman named as defendants in the case caption, Captain Gerald Hines, Officer Sokolowski, Warden A. Cournyer, Warden Carol Chapline and Warden Maldonado. Within the body of the complaint, however, he lists additional defendants: Murdemer, John Doe Kitchen Supervisor, John Doe Doctor, Irish, Jane Doe Nurse, Ruth Muniz and Jane Doe Mental Health.

      On July 8, 2014, the Court dismissed all claims concerning the length of Roman's sentence and afforded him thirty days to file an amended complaint concerning his remaining claims. In the original complaint, Roman included vague references to improper food trays and interference with legal work and mail. Roman filed an amended complaint dated September 17, 2014.

      Under 28 U.S.C. section 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In addition to himself, Roman lists Maria I. Carreira, Angel Roman, Luis Montanga and Theresa Padilla as plaintiffs on the amended complaint.  None of these persons has submitted motions to proceed *in forma pauperis* in this action or tendered the filing fee.  Nor have they signed the amended complaint.  *See* Fed. R. Civ. P. 11(a) (requiring that each *pro se* party sign every pleading or motion).  Accordingly, none of these persons are plaintiffs in this action.  The Court will review the amended complaint only as it asserts Roman's claims.

Roman lists as defendants in the case caption Lt. Bounyard, Supervisor Couselor Bouchar, Judge Scheinblum, C.S.P. Troop H Police Ticy and Warden Carole Chapline.  Within the amended complaint he identifies the defendants as Lt. Bounyard, Correctional Officer Massob, State Police Trooper Ticy, Judge Scheinblum, Warden Chapline and Dr. Right.  In the Initial Review Order, the Court specifically instructed Roman to include all defendants in the case caption.  IRO, at 3 (doc. 7).  Accordingly, the Court does not consider the persons named only in the body of the amended complaint to be defendants in this case.

An amended complaint is intended to clarify or amplify the original cause of action. *See Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995). The only claims properly included in Roman's amended complaint concern Roman's food trays or interference with his legal work and mail. Roman includes allegations from July through September 2014 relating to use of restraints and a chemical agent, denial of a piece of cake to regulate his blood sugar, loss of commissary forms, and outside charges. Each of these allegations arises from factual circumstances unrelated to the existing claims in this case. Thus, they may not be pursued in this action. If Roman wishes to pursue these claims in federal court, he may do so in separately filed actions.

In the Initial Review Order, the Court instructed Roman to support his claims with specific factual allegations and to indicate what actions each defendant took with regard to the incidents. Although the remaining allegations are similar to the claims in his original complaint, Roman fails to comply with the Court's directions.

The only defendant identified in the statement of claim is Lieutenant Bounyard. Roman alleges that defendant Bounyard destroyed "lot[]s of my civil action." The Court construes this allegation as an attempt to state a claim for denial of access to the courts. To state a claim for denial of access to the courts, Roman must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996)). To establish an actual injury, Roman must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002). For example, Roman could demonstrate an actual injury by providing evidence "that a complaint he prepared was dismissed for failure to satisfy

3

some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis*, 581 U.S. at 351. The fact that Roman may not have been able to litigate effectively once his case was filed does not constitute an actual injury. *See id.* at 355 (disclaiming any requirement that inmates be afforded sufficient resources to litigate effectively once their claims are brought before the court). Despite the direction to allege specific facts, Roman has alleged no facts regarding this claim to indicate when the incident occurred or how it affected his ability to file a complaint. The bald statement is insufficient to state a plausible claim for denial of access to the courts. The claim against defendant Bounyard is dismissed pursuant to 28 U.S.C. section 1915A.

Roman states "Lot[]s of request/grievance appeals ignored by the wardens." He follows this statement with a reference to Warden Anne Cournyer, who is not a defendant in this case. Even if the Court construes this statement as a claim against defendant Warden Chapline, the claim fails. Although the First Amendment right to petition the government for redress of grievances protects Roman's right to file a grievance complaining that a prison official has wronged him, it does not require that someone respond to the grievance. Thus, Roman has no constitutionally protected right to receive a response to his grievance. *See, e.g.*, *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (prisoner has no constitutional right to prison grievance procedure or to have his grievance investigated). Because Roman was able to submit his grievances, any claims against defendant Chapline for failure to respond to the grievances are dismissed pursuant to 28 U.S.C. section 1915A.

Roman also alleges that he was not provided "green stickers" when he sent out certified letters to the governor, his lady friend, brother and mother. He does not indicate which defendant was responsible for the failure to return the "stickers" or whether the letters actually

4

reached the intended recipients despite the failure to return the "stickers." Again, Roman has not complied with the Court's instruction regarding amending his complaint. This claim also is dismissed pursuant to 28 U.S.C. section 1915A.

## ORDERS

Accordingly, the Court enters the following orders:

(1)     The amended complaint is **DISMISSED** pursuant to 28 U.S.C. section 1915A.

(2)     The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 10th day of February 2015.

  /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge